**SIMPSON and WIFE v. HILLFORD, Administrator of Hillford.[1]**

Court of Common Pleas. Kent. July, 1796.

*Clayton's Notebook, 18.*\*

---

[1] In the account of this case by Bayard the name is spelled Helford.

\* This case is also reported in *Bayard's Notebook, 143.*

*Ridgely* for defendant.   If there was anything due to plaintiff, it was under the will of Matthew Hillford and therefore was a legacy, and, being so, plaintiff should have pursued the methods pointed out by the Act of Assembly, 1 Del.Laws 408, which prescribes a demand of the executor and a bond to be tendered to indemnify him, etc., after which the legatee has under that Act a three-fold remedy—debt, detinue, and account render.   NOTE. The section referred to, [section] 6, [1 Del.Laws] 410, directs that without these requisites the process shall abate only.   Could the want of them then be a ground of nonsuit?)   But here he sues in assumpsit, an action not authorized by the Statute.   He also cited 5 Term 690, "a legacy is not recoverable at common law."   Therefore plaintiff must resort to the modes prescribed by the Act.

*Miller, contra.*   Though formerly an action at common law could not lie for a legacy—yet by modern decisions it may. Cowp. 289 and 284.   In 1 Ves.Sr. 126, Lord Hardwick expressly holds that assets coming to the executor's hands is a sufficient consideration to support a promise, "It is on the same footing with a promise in consideration of forbearance."   Then it is an established principle and rule of law that when the common law gives a remedy and a statute afterwards gives a different one, yet the common law remedy is cumulative and concurrent unless expressly destroyed by the statute, 2 Burr. 803, 834.   *(Sic vide* Com.Dig. A, S, C, Statute, *et* 1 Co.Inst. 111, 115; 4 Bac. Abr. 641).   He cited *Freeman v. Hall* in Supreme Court.   A Collector was authorized by an Act of Assembly [1 Del.Laws 257] to recover money as Collector; yet in that case he recovered at common law, the Act not expressly taking away his common law remedy.

*Bayard,* in reply, took a diversity between the cases in Cowper and that in 5 Term 690.   The former were founded on express promises of the executor to pay—the case in 5 Term was like

the principal case, there being no express promise to pay. He enlarged upon the principles stated by Ridgely very ingeniously.

BASSETT, C. J. The Court have attentively heard the argument, and it is beyond all doubt that at the time of passing the Act for the more easy and speedy recovery of legacies the legislature well knew a legacy could not be recovered at common law. There were then two gentlemen in the House whose legal abilities have never been questioned, one of whom must have penned this Act. (The persons here alluded to were the two Chief Justices of Pennsylvania and Delaware—Hon. Thomas McKean and Hon. George Read, Esquires.) The plaintiff cannot sue at common law without an express promise, and he has not pursued the method prescribed by the Act.

Enter the nonsuit.